[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Maria Suprun, filed an objection to the defendant's Request for Independent Medical Examination. Suprun, a 76 year old woman who resides in Florida, objects to the Request because: 1.) trial of this matter is scheduled to begin in less than one week; 2.) it would be an undue hardship on the plaintiff to attend an examination in Connecticut; 3.) the defendant knew that the plaintiff was in Connecticut for one month in August, during which time she would have been available for a requested examination[1]; and 4.) the granting of the request would cause a delay in the trial. Plaintiff's counsel also made factual representations on the record that defense counsel informed him during the summer of 1998 that he intended to waive his right to obtain an Independent Medical Examination, and would instead secure a document review. The defendant, American Honda Finance, counters that it is not seeking a delay of the trial, although defense counsel indicated his consent to the granting of a Motion for Continuance from the plaintiff, if this Request is granted. The defendant maintains that it has neither waived any rights to request an Independent Medical CT Page 340 Examine nor represented to plaintiff's counsel that it intended to waive those rights.
Connecticut Practice Book provides that the defendant may request the plaintiff submit to an Independent Medical Examination.
 "In the case of an action to recover damages for personal injuries, any party adverse to the plaintiff may file and serve . . . a request that the plaintiff submit to a physical or mental examination at the expense of the requesting party . . . Any such request shall be complied with by the plaintiff unless, within ten days from the filing of the request, the plaintiff files in writing an objection thereto . . . The judicial authority may make such order as is just in connection with the request."
Connecticut Practice Book, § 13-11b.
This court has the inherent discretion to decide whether an objection is reasonable and should be sustained.
Given the lateness of the latest Request for Examination, and in light of the impending trial date, this court finds that the plaintiff's objection is reasonable. Particularly in light of the fact that the plaintiff was available for an Independent Medical Examination in Connecticut in August, 1998 and so informed the defendant, American Honda can not readily claim that it was denied the opportunity to Obtain an Independent Medical Examination. This is a privileged case. On balance it is in the interest of justice to have it proceed forthwith. For that reason, the plaintiff's Objection to the Request is Sustained.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT